UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**QU'TESSA JOHNSON** | No.  1:24-cr-00141-SDN |

**PROSECUTION VERSION OF THE OFFENSE**

On September 12, 2024, at approximately 1:04pm, a white vehicle was observed making entry into Canada and then backing up into the United States on the northbound side of Interstate 95 adjacent to the United States Customs and Border Protection (CBP) Port of Entry (POE) in Houlton, Maine.

Officers assigned to the POE stopped the vehicle and directed it into the inspection area on the southbound side of the interstate. CBP officers inspected the white 2019 Toyota Corolla and encountered one female, later identified as Qu'tessa T. Johnson, the defendant.

During the primary inspection, Custom and Border Protection Officers (CBPO) determined that the defendant would be sent to secondary inspection for further examination due to crossing the boundary line and a strong smell of marijuana emanating from the vehicle.

A search of the vehicle revealed a freshly smoked marijuana cigarette in the center console, a bag of white powder in the glove box, a white shopping bag in the trunk containing three-gallon size zip lock bags with crystal type rocks within.  The substances

were removed from the vehicle and secured in an isolation case behind locked doors inside the POE.

CBP placed a request to United States Border Patrol (BP) Houlton Sector for a narcotic detecting canine officer (K9). The BP K9 arrived and searched the car and its contents. The dog positively alerted to residual odor from the vehicle and its contents, but no additional narcotics were found.

An HSI agent subsequently arrived and reviewed the video footage of the defendant entering Canada and re-entering the United States. He verified the farthest position of the vehicle into Canada by walking out to the vicinity of the border and determined that the vehicle had clearly passed the international boundary markers based on the video footage.

In the defendant's vehicle, agents found three phones and a tablet. The phones were a: gold and white Apple iPhone, a blue Vortex phone, and silver T-Mobile cellphone. There was also a grey tablet located in the vehicle. All four items were seized and turned over an HSI agent who subsequently obtained a search warrant for those devices. While a review of the devices did not find any indication that the defendant routinely engaged in transporting narcotics to northern Maine, the investigation found that the defendant's vehicle traveled to northern Maine three times in the two months preceding her arrest on September 12, 2024. With each trip north, the defendant's vehicle spent between fifteen (15) and twenty-seven (27) hours in northern Maine.

When asked about the residence listed on her driver's license, the defendant stated that she did not live there. She further stated that she had been homeless and living out of her vehicle for an extended period.

The suspected narcotics were field tested at the POE.  The powder found in the glove box tested positive for fentanyl and was weighed on an uncertified scale with a weight of 106.5 grams.  The suspected narcotics found in the white shopping bag, located in the trunk, tested positive for methamphetamine, and was weighed on an uncertified scale with a weight of 1.72 kilograms.

The suspected narcotics seized from the defendant's vehicle were sent to U.S. Customs and Border Protection Laboratories in Chicago. The testing confirmed that the defendant had methamphetamine. However, the bag containing "white chunks and white powder" tested as common cutting agents like caffeine and procaine.

Had this case proceeded to trial, the Government would have offered the testimony of the law enforcement officers involved in the investigation, items of physical evidence, including the seizure of controlled substances, as well the testimony of a certified chemist. The Government would also offer the testimony of an experienced drug investigator who would testify that the quantity of controlled substances seized is consistent with distribution as opposed to a personal use quantity.

Date:  September 26, 2025                                     Respectfully submitted,

                                                                                CRAIG M. WOLFF
                                                                                Acting United States Attorney

                                            By:      */s/Raphaelle A. Silver*
                                                                                Assistant United States Attorney
                                                                                United States Attorney's Office
                                                                                202 Harlow Street, Ste. 111
                                                                                Bangor, ME 04401
                                                                                (207) 945-0373
                                                                                Raphaelle.silver@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2025, I electronically filed the Government's Prosecution Version of the Offense with the Clerk of Court using the CM/ECF system, which will send notification of such filing(s) to all parties of record.

                                              CRAIG M. WOLFF
                                              Acting United States Attorney

Don Brown, Esq.                        By:    */s/Raphaelle A. Silver*
Attorney for Defendant                Assistant United States Attorney
                                              United States Attorney's Office
                                              202 Harlow Street, Ste. 111
                                              Bangor, ME 04401
                                              (207) 945-0373
                                              Raphaelle.silver@usdoj.gov